PIA PSYCHIATRIC HOSPITALS, INC.,
d/b/a Psychiatric Institutes of
America, Respondent,

v.

The MISSOURI HEALTH FACILITIES
REVIEW COMMITTEE, Appellant.

No. WD 38571.

Missouri Court of Appeals,
Western District.

March 10, 1987.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
April 28, 1987.

Application to Transfer
Denied June 16, 1987.

William L. Webster, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for appellant.

Harvey M. Tettlebaum, Duane Benton, Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

█ This case involves a construction of § 197.330.1(5) RSMo Supp. 1979 of the Certificate of Need Law. Generally, the Certificate of Need Law governs the approval of expansion health care facilities and the equipment purchases of health care providers. The state's approval is given by the Health Facilities Review Committee (Committee) which gives such approval to applicants in the form of a certificate of need. Section 197.310 and 197.315, RSMo 1986; *Missouri Health Facilities Review Committee v. Administrative Hearing Commission of Missouri*, 700 S.W.2d 445 (Mo. banc 1985).

The narrow issue here is whether the Committee's rulemaking power, § 197.320, permits it to increase the time the Committee has to rule on applications of health care providers.

The facts in this declaratory judgment suit on which summary judgment was

granted to the respondent are not in dispute. A reversal is only in order if an error of law appears.

The respondent PIA Psychiatric Hospitals, Inc., filed on April 4, 1985 an application for a certificate of need to build an adolescent hospital in Platte County. PIA filed the application with the Committee's agent and obtained a receipt showing the application was reviewed on that date. The Committee wrote to PIA on April 9, 1985 acknowledging the application had been received. On August 8, 1985, some 125 days after the April 4th filing date, the Committee denied the application.

Sections 197.330.1(5) and 197.330.2 RSMo 1979, applicable to this case, provide:

    1. The committee shall:

    (5) Within *ninety days* of the filing of any application for a certificate of need, issue in writing its findings of fact, conclusions of law, and its approval or denial of the certificate of need; provided, that the committee may grant an *extension* of not more than *thirty days* on its own initiative or upon the written request of any affected person;

    2. *Failure* by the committee to *issue* a written *decision* on an application for a certificate of need *within* the *time required* by this section *shall constitute approval* of and final administrative action *on the application,* and is subject to appeal under section 197.335. (Emphasis added.)

It should be noted this section was amended in 1986 and (5) now allows one hundred days instead of ninety. The new law, RSMo 1986, and effective May 15, 1986, also adds the following language:

The terms "filed" or "filing" as used in this section shall mean delivery to the staff of the health facilities review committee the document or documents the applicant believes constitute an application.

For informational purposes, the 1986 amendment affected 190.330.2 which now reads:

    2. Failure by the committee to issue a written decision on an application for a certificate of need within the time required by this section shall constitute

approval of and final administrative action on the application, and is subject to appeal under section 197.335 only on the question of approval by operation of law. A thirty day extension having been granted, the issue presented by PIA's suit was (1) whether the Committee's action more than one hundred twenty days after April 4, 1985 was a nullity because the application was not timely acted upon, and (2) if such failure, by operation of § 197.330.2, constituted approval of the application.

Section 197.320, RSMo 1986, unchanged from RSMo 1979, grants the Committee the power to promulgate reasonable rules and regulations to meet the objectives of the Certificate of Need Law. The Committee had promulgated in 1981, with revisions in 1984, 13 CSR 60–3.010(3) which reads:

The term "filing" for purposes of determining the deadline for committee action on an application for a certificate of need, means the date the completed application and fee was accepted by the committee or its staff, or the date review commences in accordance with the written request of the applicant notwithstanding a determination of incompleteness.

The trial court concluded the regulation was in conflict with the law, "because the rule purports to enlarge or extend the time limitations prescribed by the statute." The judge also concluded "filing" meant the day the application was delivered to the clerk without regard to action taken by the commission, and the one hundred twenty day period began running on April 4, 1985. *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 54 (Mo. banc 1981). Judgment was for issuance of a certificate for PIA since no committee action was taken within the one hundred twenty days mandated by statute.

    As the Committee candidly states in its brief, the 1986 amendment to § 197.-330.1, which defines "filing" as the date of delivery to the staff of the documents the applicant believes constitutes an application, abrogates the administrative rule in 13 CSR 60–3.010(3). The question under the facts here is whether the rule's definition of "filing" was valid and worked to

suspend the clock under § 197.330.1(5), RSMo 1979 on the PIA application. The answer is in the negative. It seems clear the legislature has intended to put time limitations on the committee to expedite applications. The starting point then is important. The legislature pegged the starting time to a definite act—the filing of an application. The term filing has been defined by the supreme court as "the actual delivery of the paper to the clerk without regard to any action he may take thereon." *Ferguson v. Long,* 341 Mo. 182, 107 S.W.2d 7, 10 (Mo.1937). This interpretation was later used in 1981 in *Labrier v. Anheuser Ford, supra,* relied on by the trial court.

The trial court correctly found the date of filing, April 4, 1985, commenced the statutory time period. It also was correct in concluding 13 CSR 60–3.010(3) conflicted with then § 197.330.1(5), RSMo 1979. The time limitations of § 197.330.1(5) are jurisdictional, *R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5, 7 (Mo. banc 1980), and can not be enlarged. *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314 (Mo.App.1972). Application of the rule would take all the certainty out of the date of filing, and would leave the clock to be started at some later time, wholly dependent on when the Committee might take action. To allow the regulation to have this effect would violate the clear statutory intent and as a result, 13 CSR 60–3.010(3) must fail. *Johnson v. Labor and Industrial Relations Commission,* 591 S.W.2d 241, 244 (Mo.App.1979). The Committee's further argument, that it is forced by this construction to accept deficient applications, yet still have the time start to run, is not well taken. Within the statutory limitations the Committee may deny the application, or deny an application of a party who fails to supplement a deficient application.

The judgment of the trial court is affirmed.

All concur.