STATE ex rel. MISSOURI HEALTH CARE ASSOCIATION, Respondent,

v.

MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Appellant,

and

Barnes Hospital, Intervenor.

No. WD 40469.

Missouri Court of Appeals, Western District.

Oct. 25, 1988.

William L. Webster, Atty. Gen., Jefferson City, Simon B. Buckner, Asst. Atty. Gen., Kansas City, for appellant.

Harvey M. Tettlebaum, J. David Bechtold, Jefferson City, for respondent.

Before COVINGTON, P.J., and NUGENT and GAITAN, JJ.

GAITAN, Judge.

This is an appeal from a writ in prohibition in favor of Missouri Health Care Association (MHCA), the respondent. The order provides that the Missouri Health Facilities Review Committee (MHFRC), the appellant, refrain from proceeding further in the matter of the application of Barnes Hospital for a Certificate of Need (CON) for a 120–bed skilled nursing facility. There are two points raised on appeal. First, MHFRC contends that the trial court erred in making its preliminary writ absolute in that Barnes, the applicant/intervenor in this appeal, and MHFRC legally and in concert changed the decision deadline; and accordingly, the passage of 130 days did not act to divest MHFRC of jurisdiction to act upon the applicant's CON application. Second, appellant contends that the trial court erred in making its writ of prohibition absolute in that MHCA did not have standing to initiate the prohibition proceedings.

Barnes Hospital desired to build a 120–bed nursing facility and filed a CON application with the State Health Planning and Development Agency (SHPDA) which is the staff to the MHFRC, as Project No. 1224N. The filing of the CON was done in accordance with § 197.315.1, RSMo 1986. This statute provides that any person who desires to develop a new institutional health service within Missouri must first obtain a CON from the MHFRC. Section 197.315.5, RSMo 1986, provides that no agency or state government may appropriate or grant funds to any person or health

care facility which has not first obtained a CON in compliance of §§ 197.300 to 197.-365, RSMo 1986.

In carrying out its duties MHFRC must issue in writing its findings of fact, conclusions of law, and its approval or denial of a CON application within 130 days (100 days plus a 30–day extension) of the filing of that application. § 197.330.1(5), RSMo 1986. Failure to issue its decision in the time required "shall constitute approval of and final administrative action on the application." § 197.330.2, RSMo 1986.

On September 11, 1987, Barnes Hospital filed its CON application. The SHPDA, scheduled the Barnes Hospital application for decision at the December 11, 1987 meeting, the ninety-second day after filing. On or about November 25, 1987, Barnes executed a Petition for Deferral of MHFRC Action, requesting SHPDA to defer its final action on Project No. 1224N from its December 11, 1987, meeting to the next regular meeting. Barnes, in the petition, attempted to waive its statutory rights that would have accrued from MHFRC's inaction pursuant to § 197.330.2, RSMo 1986. The petition for deferral was granted.

At the December 11, 1987 meeting, MCHA filed its application to intervene in the administrative proceeding, which was accepted by MHFRC. On or about January 15, 1988, SHPDA mailed the agenda for the January 25, 1988 meeting to all interested persons. MHFRC had scheduled for its January 25, 1988 meeting, consideration of the Barnes CON application, Project No. 1224N. On January 20, 1988, the 131st day after Barnes filed its CON application, MHCA challenged the power of MHFRC and Barnes to alter their legal relationship by seeking a preliminary writ of prohibition in Cole County Circuit Court on the theory that the MHFRC lost jurisdiction on the application at the end of 130 days. The preliminary writ order became absolute on February 21, 1988.

The critical issue in the case at bar is whether MHCA had the requisite standing to initiate the prohibition proceeding *ab initio*. Appellant contends that MHCA did not have the requisite standing. This Court does not agree.

First, MHCA contends that it does have the requisite standing as an intervenor party to the application proceeding to bring the petition for writ of prohibition. MHCA argues that MHFRC had discretion to accept MHCA's application for intervention at the December 11, 1987 meeting, and that MHCA was addressed as a "recognized intervenor, Missouri Health Care Association." It is now asserted that MHFRC cannot appeal on the grounds that MHCA did not have the right to prosecute. MHCA is incorrect in stating that MHRFC has waived their right to challenge MHCA's standing in regard to the writ of prohibition because "[l]ack of standing cannot be waived and may be considered by the court sua sponte." *Brock v. City of St. Louis*, 724 S.W.2d 721, 725 (Mo.App.1987) (citing *Worlledge v. City of Greenwood*, 627 S.W.2d 328, 331 (Mo.App.1982)).

▆▆▆ Standing is the requisite interest that parties must have in a controversy before the court. *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904 (Mo.App.1978). The issue is not related to one's capacity to sue, but instead, it is "the interest of an adversary in the subject of the suit as an antecedent to the right of relief." *Id.* at 909. A voluntary membership association such as MHCA may have standing in one of two ways. An association may have standing in its derivative capacity by seeking judicial relief from injuries to its own rights, or in its representative capacity by seeking to vindicate whatever rights its members may enjoy. *Citizens for Rural Preservation v. Robinett*, 648 S.W.2d 117, 133 (Mo.App.1982) (citing *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975)). In its representative capacity, an association must allege that "its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action ... that would make out a justiciable case had the members themselves brought suit." *Citizens for Rural Preservation*, 648 S.W.2d at 133.

▇ In the case at bar, to have the sufficient interest to confer standing to maintain a petition for writ of prohibition, MHCA must be an "affected person" within the meaning of § 197.305(1), RSMo 1986 because only those persons may intervene in MHFRC's application review process. An affected person is "the person proposing the development of a new health care service, the public to be served, the health systems agency and health care facilities within the service area in which the proposed new health care service is to be developed." § 197.305(1), RSMo 1986. Some of the members of MHCA fall into the category of health care facilities within the service area, which is within fifteen miles of the proposed facility. Additionally, MHCA claims that its purpose as an association is to protect the interests of its members which includes the rendering of health care services at an economical cost to the public. The criteria which must be met in order for an association to vindicate the rights of its members are as follows: (1) its members must have standing to sue within their own right; (2) the interests the association seeks to protect must be germane to its purpose; and (3) neither the claim asserted nor the relief requested must require the participation of individual members in the lawsuit. See Terre Du Lac Association, Inc. v. Terre Du Lac, Inc., 772 F.2d 467, 470 (8th Cir.1985); see also Citizens for Rural Preservation, 648 S.W.2d at 133. An association must meet each of these requirements in order to have standing. Terre Du Lac Association, Inc., 772 F.2d at 470. (citing Associated General Contractors v. Otter Tail Power Co., 611 F.2d 684, 690 (8th Cir.1979). Some of the members of MHCA do have standing to sue in their own right. As previously stated, some of the members of MHCA are located within 15 miles of the facility proposed in Project No. 1224N and have a right to participate in the proceedings before MHFRC. § 197.330.1, RSMo 1986. Therefore, the first requirement is met.

Second, the interest that MHCA seeks to protect is the provision of health care to the citizens of the State of Missouri at an economical cost to the public. The purpose of the CON law is to hold down health care costs by preventing duplicative health care facilities. See Missouri Health Facilities Review Committee v. Administrative Hearing Commission, 700 S.W.2d 445, 447 (Mo. banc 1985). This interest is germane to the MHCA's organizational objectives, and therefore, the second requirement is also met.

Finally, although its individual members have a right to participate in the proceedings before MHFRC, it is not absolutely required that they participate in those proceedings. By allowing MHCA standing to protect the common interests of its members would minimize the possibility of multiple actions by individual members. See Citizens for Rural Preservation, 648 S.W. 2d at 134. Accordingly, MHCA does have standing as an association in its representative capacity. The trial court's judgment, although without explanation, is affirmed as to the issue of standing.

▇ The next question presented is whether or not MHFRC may enlarge the time frame in which it has to act beyond the 130 days set forth in § 197.330.1(2), RSMo 1986. In PIA Psych. Hospitals v. Missouri Health Facilities Committee, 729 S.W.2d 491 (Mo.App.1987), this Court construed the provisions of § 197.330, RSMo 1979. We held that the time limits established by § 197.330.1(5), RSMo, were jurisdictional and could not be enlarged. Id. at 493. Basic administrative law provides that an administrative agency has only such jurisdiction or authority as may be granted by the legislature. Sheets v. Labor and Industrial Relations Commission, 622 S.W.2d 391, 393 (Mo.App.1981); Soars v. Soars–Lovelace, Inc., 346 Mo. 710, 142 S.W.2d 866, 871 (1940).

▇ Missouri courts recognize that the time limits imposed on administrative agencies by statute are jurisdictional and that once the time limit passes, the agency is without jurisdiction to proceed in the matter. R.B. Industries, Inc. v. Goldberg, 601 S.W.2d 5, 7 (Mo. banc 1980). If an administrative agency is without statutory power to consider the matter, it is without subject matter jurisdiction. Subject matter juris-

diction may not be waived and cannot be conferred by consent or agreement of the parties. *State Tax Commission v. Administrative Hearing Commission*, 641 S.W. 2d 69, 72 (Mo. banc 1982). The 130 days is jurisdictional and is not subject to extension, either unilaterally or by agreement of the parties.

MHFRC argues that it may alter the jurisdictional time frame and contends that if it could not accept petitions for deferral in cases of deficient applications, it would have to decide whether to approve a needless medical facility or deny the application and require an expensive application fee a second time. This argument has been rejected by this Court:

> The Committee's further argument, that it is forced by this construction to accept deficient applications, yet still have the time start to run, is not well taken. Within the statutory limitations the Committee may deny the application, *or deny an application of a party who fails to supplement a deficient application.* [Emphasis added.]

*PIA Psych. Hospitals*, 729 S.W.2d at 493.

The undisputed facts in this case show that on December 11, 1987 (the 92nd day after the application was filed), MHFRC deferred its decision on that application at the request of Barnes Hospital. The 131st day from the date of filing of the application in Project No. 1224N was January 20, 1988. On that date MHFRC lost jurisdiction to take any action with regard to Project No. 1224N. Administrative agencies may only exercise such powers as are authorized by statute and may not enlarge those powers. Because the statutory mandated time frame had run and that time frame is jurisdictional, the trial court was correct in making absolute its writ of prohibition.

The judgment of the trial court is affirmed.

All concur.