Robert M. **FEHRMAN**,
Plaintiff/Respondent,

v.

Roy D. **BLUNT**, Secretary of State of the State of Missouri, and John R. Perkins, Commissioner of Securities of the State of Missouri, Defendants/Appellants.

No. 59918.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 10, 1992.

William L. Webster, Atty. Gen., B.J. Jones, Asst. Atty. Gen., Jefferson City, for defendants/appellants.

Richard J. Pautler, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for plaintiff/respondent.

AHRENS, Judge.

Defendants-appellants Missouri Secretary of State and Commissioner of Securities appeal from the circuit court's judgment reversing a decision of the Administrative Hearing Commission (AHC) and ordering that plaintiff-respondent Robert M. Fehrman be registered as a securities

agent under Chapter 409 RSMo. We affirm the circuit court's judgment reversing the decision of the AHC.

Respondent submitted an application for registration as a securities agent to the National Association of Securities Dealer's Central Registration Depository ("CRD") on January 9, 1990. CRD approved the application and notified appellants on January 24, 1990, that respondent was seeking registration in Missouri. On January 26, 1990, appellants sent a letter to respondent requesting additional information with regard to the application. Respondent sent his written response dated February 14, 1990. Appellants sent a second letter to respondent on February 16, 1990, again requesting additional information with regard to the application. Respondent forwarded his response dated February 16, 1990. When appellants received the response on February 19, 1990, they considered respondent's application complete as of that date. On March 14, 1990, appellants filed written findings of fact and conclusions of law denying respondent's application for certain violations of Chapter 409, the Missouri Securities Act.

On April 3, 1990, respondent filed a complaint with the AHC pursuant to § 409.-204(f)(2) RSMo 1986 challenging appellants' denial. He filed an amended complaint on May 23, 1990, alleging, *inter alia*, that pursuant to § 409.202(a)(5) RSMo 1986, respondent's registration was effective at noon of the thirtieth day after January 24, 1990, the day CRD filed respondent's application with appellants. Section 409.-202(a)(5) provides in part:

> The commissioner may also require such additional information as he deems necessary to establish the qualifications and the good business repute of the applicant. If no denial order is in effect, and no proceeding is pending under section 409.204, registration becomes effective at noon of the thirtieth day after an application is filed. The commissioner may by rule or order specify an earlier effective date, and he may by order defer the effective date until noon of the thirtieth day after the filing of any amendment.

On June 8, 1990, the AHC entered its written findings of fact, conclusions of law, and judgment. The AHC found that appellants had, pursuant to statutory authority under § 409.413 RSMo 1986, issued regulation 15 CSR 30–51.160(1) which provides:

> (1) If no suspension or denial orders are in effect or proceedings therefor are pending, registration shall become effective no later than noon of the thirtieth [30th] day after the filing of an application is complete, but an earlier effective date may be specified by the commissioner (section 409.202(a)). *Filing shall be considered complete when the application and all attachments and exhibits thereto, as required by the commissioner, have been filed in the division and are satisfactory to the commissioner,* and the examination of the applicant has been accepted by the commissioner. Any application, the filing of which is not considered complete within a period of one (1) year following the original filing thereof, shall be presumed subject to the entry of an order of cancellation pursuant to section 409.204(d) of the Act. (emphasis ours).

The AHC stated: "According to the holding in *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Committee*, 729 S.W.2d 491 (Mo.App.1987), if there is no explicit statutory authority, agencies cannot extend statutory deadlines for acting on applications by enacting a regulation allowing the agency to determine the filing date by when it considers the application completed. For this Commission to apply that principle favorably to Fehrman implicates the question of whether we can refuse to apply a regulation by in effect holding that it is invalid as being contrary to a statute or beyond the statutory power of the agency to promulgate it." Relying on *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69, 75 (Mo. banc 1982), and other decisions cited in its opinion, the AHC concluded it must give effect to 15 CSR 30–51.160(1) and consider the application filed for purposes of the statutory 30–day period on the day appellants considered it to have been completed by respondent's submission

of all the additional information requested. *But cf. Bridge Data Co. v. Director of Revenue,* 794 S.W.2d 204, 207 (Mo. banc 1990) (*State Tax Comm'n,* 641 S.W.2d 69, "held simply that the legislature could not give the [AHC] authority to render a declaratory judgment as to the validity of rules of the State Tax Commission. When review of decisions of the Director of Revenue is sought the [AHC] must resort to the statutes and has full authority to reach a decision on the law as it finds it, subject of course, to judicial review.") Finding that the March 14, 1990, denial was within 30 days of the February 19, 1990, date on which appellant considered the application completed and filed, the AHC entered summary judgment in favor of appellants and against respondent on respondent's first amended complaint.

On June 11, 1990, respondent filed his first amended petition in the circuit court for judicial review of the decision of the AHC pursuant to § 536.110 RSMo 1986. On respondent's motion, the circuit court on June 29, 1990, entered an order staying appellants' denial of registration and suspending the AHC order pending further order of the circuit court.

After a hearing, the circuit court on February 13, 1991, filed written findings of fact and conclusions of law, which included the following: respondent's application was filed on January 24, 1990, which notified the state that respondent was seeking registration, and his completed application was made available to the state for review; appellants had neither filed any type of denial order regarding respondent or initiated any type of action relative to respondent pursuant to § 409.204 prior to appellants' March 14, 1990, denial order; agencies such as appellants cannot, either directly or indirectly, extend statutory deadlines for acting on applications by enacting regulations; filing is defined as the actual delivery of the paper to the clerk without regard to any action he may take thereon; the language in § 409.202 empowering appellants to seek additional information concerning an applicant cannot be read to authorize appellants to extend the 30–day deadline specifically provided for by statute; appel-

lants did not contend, and the AHC did not find, that respondent ever filed an "amendment" which would allow appellants to extend the 30–day deadline under § 409.-202(a)(5); to the extent 15 CSR 30.51–160(1) is interpreted to extend the 30–day period prescribed by § 409.202, it is invalid and unenforceable; and appellants' denial order of March 14, 1990, was untimely and in excess of appellants' authority and jurisdiction. The circuit court ordered that respondent be fully, completely, and unconditionally registered as an agent with the state. Further, the circuit court suspended appellants' denial order and the AHC order; ordered the denial order expunged from appellants' records; and ordered appellants to notify CRD and other parties respondent identified.

Appellants timely filed this appeal, raising four points in which they allege the circuit court erred in reversing the AHC's decision: first, the denial order was within the statute and regulations, because the regulation is reasonable and within the authority of the Commissioner of Securities, and respondent's application was not complete until his application and all attachments and exhibits thereto, as required by the commissioner and satisfactory to the commissioner, had been filed; second, the regulation constitutes a legislative rule and should be accorded the force and effect of law; third, in the alternative, respondent's responses to appellants' requests for additional information constituted an amendment to his request for registration; and fourth, the commissioner may consider the additional information he requests as part of the application or attachments and exhibits and may consider these matters incomplete until sufficient information is submitted.

■ We review the decision of the administrative agency, not the decision of the circuit court. *Americare Sys., Inc. v. Missouri Dept. of Social Serv.,* 808 S.W.2d 417 (Mo.App.1991). Our scope of review includes whether the action of the agency is in excess of the statutory authority or jurisdiction of the agency. § 536.140.2(2) RSMo 1986. For purposes of review, the

action of the AHC and the denial order of the appellants shall be treated as one decision. § 621.145 RSMo 1986.

We address appellants' first and second points together. Effective January 1, 1968, Missouri adopted the Uniform Securities Act. Chapter 409 RSMo. The statutory section at issue here, § 409.202, is similar to § 202 of the Uniform Securities Act, as amended August 1958, in providing that if no denial order is in effect, and no proceeding is pending under section 409.204, registration becomes effective at noon of the thirtieth day after an application is filed. § 409.202; UNIF. SECURITIES ACT § 202, 7B U.L.A. (1985). Neither party has cited, and our research fails to disclose, any cases construing this portion of our statute or similar statutes in other jurisdictions patterned after the Uniform Act.

█ However, Missouri courts recognize that time limits imposed on administrative agencies by statute are jurisdictional and that once the time limit passes, the agency is without jurisdiction to proceed in the matter. *State ex rel. Missouri Health Care Ass'n v. Missouri Health Facilities Review Comm.*, 768 S.W.2d 559, 562 (Mo. App.1988). An administrative agency's rulemaking power does not permit it to increase statutory time limitations in which the agency has to rule on applications by defining "filing" to mean the date the completed application is accepted by the agency. *See PIA Psychiatric Hosp., Inc. v. Missouri Health Facilities Review Comm.*, 729 S.W.2d 491, 493 (Mo.App. 1987).

Here, the statute explicitly provides that the registration of a securities agent becomes effective at noon on the thirtieth day after an application is filed. The only statutory exceptions are if: a denial order is in effect; a proceeding is pending under § 409.204; the commissioner has by rule or order specified an earlier effective date; or the commissioner has by order deferred the effective date until noon of the thirtieth day after the filing of any amendment. § 409.202(a)(5). The rule in question purports to extend the statutory period by making registration of the agent effective

no later than noon of the thirtieth day after the filing of an application is "complete." By rule, the agency deems an application "complete" "... when the application and all attachments and exhibits thereto, as required by the commissioner, have been filed in the division and are satisfactory to the commissioner." 15 CSR 30–51.160(1).

█ The term "filing" when used in context of a time limit imposed by the legislature on an administrative agency, is defined as "the actual delivery of the paper to the clerk without regard to any action he may take thereon." *PIA*, 729 S.W.2d at 493 (citing *Ferguson v. Long*, 341 Mo. 182, 107 S.W.2d 7, 10 (1937)). As in *PIA*, application of the administrative rule would take all certainty out of the filing date. It would leave the starting of the 30–day clock dependent upon the agency's determination as to when the application included all documents "as required by" the commissioner and was "satisfactory" to the commissioner. 15 CSR 30–51.160(1) violates the clear statutory intent and improperly enlarges the statutory time period prescribed by § 409.202(a)(5).

Appellants invite us to distinguish *PIA* and *State ex rel. Missouri Health Care Ass'n* on the basis that the statutes there involved did not authorize the agency to request additional information. We decline appellants' invitation. The statutory authorization to request and obtain additional information does not evidence an intent to liberalize the statutory time period. The statute is clear and unambiguous, and spells out certain limited exceptions.

Appellants rely heavily on the argument that the regulation is reasonable and that respondent offered no evidence of unreasonableness. A corollary contention by appellants is that the regulation is necessary in order to administer its system of registration of agents, in that most applications are incomplete when first submitted. Appellants assert that if the 30–day period begins to run before the commissioner deems an application complete, it would necessitate denials before the 30–day time limit lapsed, resulting in increased costs, decreased applications and fee income, and

reporting and disclosure problems. However, the issue before us is not reasonableness but whether the regulation exceeds the agency's rulemaking power in light of the statutory time limitation. Since we believe the regulation conflicts with the statute, we do not reach the issue of reasonableness. The problems appellants sought to address by the regulation may be appropriate for legislative consideration.[1] Thus, we hold respondent's application was filed with appellants on January 24, 1990, when CRD notified appellants that respondent was seeking registration in this state and CRD made respondent's application available to appellants.

Appellants' third point alleges the circuit court erred in reversing the AHC's decision, because, under § 409.202(a)(5), respondent's replies to appellants' inquiries constituted an amendment to his request for registration, as a matter of law. Appellants did not raise this contention before the AHC. The record reflects appellants' counsel commented: "To be fair to [respondent], I would suspect that in this particular situation they did not consider it to be an amendment but basically simply his responding to his questions. But I can see that as well being characterized, and I frankly have not had an opportunity to ask him about that." Counsel added: "I had considered that, your Honor, and I frankly did not know what the position of the commissioner would be. I can't see that being made as an argument on behalf of the commissioner; but again in fairness to [respondent], the response is not characterized as an amendment, but I can see that from the standpoint of the commissioner that it could be construed as an amendment to the application."

■ The statute provides that the commissioner "may by order defer the effective date until noon of the thirtieth day after the filing of any amendment." § 409.202(a)(5). There is no evidence in the record of any order by the commissioner deferring the effective date to allow the filing of an amendment.

Further, 15 CSR 30.51–020(4), promulgated by the commissioner, provides that "any amendment of an application shall be filed by the appropriate form marked AMENDED ..." No such form marked "AMENDED" was filed. On this record, we find substantial evidence to support the findings of the AHC and circuit court that no amendment to respondent's application was filed.

■ Appellants in their fourth point assert the circuit court erred in reversing the AHC's decision, because appellants may clearly consider the additional information requested as part of the application or at-

---

1. We note that the 1985 revision of the Uniform Securities Act and the comments thereto incorporate changes which would set forth a statutory test to address the concerns the agency here attempted to handle by regulation:

> Section 208. *Licensing, General Provisions.*
> (a) Unless a proceeding under Section 212 is instituted or the applicant is notified that the application is incomplete, the license of a broker-dealer, sales representative, or investment adviser becomes effective 30 days after the later of the date an application for licensing is filed and is complete or the date an amendment to an application is filed and is complete, in either case only if all requirements imposed under Section 207 are satisfied. An application is complete when the applicant has furnished information responsive to each applicable item of the application. The [Administrator] by order may authorize an earlier effective date of licensing. UNIF. SECURITIES ACT § 208, 7B U.L.A. (1985). Comments 1 and 2 to Section 208 provide:

1. Subsection (a) is similar to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(c) of the Investment Advisers Act of 1940. Unless the Administrator determines that an application is incomplete or has initiated a proceeding under Section 212, an application becomes effective automatically 30 days after the later of the date of filing or the date of any amendment to the initial application, provided any examination requirements imposed under Section 207 have been satisfied. The 30–day period may be shortened by the Administrator in an appropriate case.

Subsection (a) attempts to set forth a statutory test as to when an application is complete in the absence of any contrary notification from the Administrator.

2. Nothing in this section precludes an applicant from waiving the 30–day automatic effectiveness period if it chooses to do so, e.g., to avoid the institution otherwise by the Administrator of a denial proceeding under Section 212(a)(ii)(1).

tachments and exhibits and may consider these matters incomplete until sufficient information is submitted. We agree, in part, with appellants' contention. The Commissioner of Securities may consider the additional information requested as part of the application or attachments and exhibits and may consider these matters incomplete until sufficient information is submitted. However, this must be considered in the context of the statutory time limitation imposed by § 409.202(a)(5). Appellants' remedy in the event respondent failed to timely comply was to enter a denial order prior to noon of the thirtieth day after filing. Having failed to do so, the registration became effective. Appellants were without jurisdiction to enter the denial order 49 days after filing.

Under our holding, respondent's registration became effective at noon on the thirtieth day after the January 24, 1990 filing. Under Missouri law, "The Commissioner may not institute a suspension or revocation proceeding on the basis of a fact or transaction known to him when registration became effective unless the proceeding is instituted within the next thirty days." § 409.204(a)(2)(K). Pending a final judgment in this case, appellants have proceeded on the basis of a denial order, subject, however, to the court-imposed stay. There has been no adjudication on the merits of any issues relating to the underlying reasons for appellants' denial order of March 14, 1990. Nothing herein should be construed to prejudice appellants in any way from instituting any further proceedings under Chapter 409, which are not inconsistent with this opinion. Accordingly, we hold that for purposes of § 409.204(a)(2)(K) only, the registration shall be considered effective as of the date of this court's mandate.

We affirm the judgment of the circuit court reversing the decisions of appellants and the AHC.

SMITH, P.J., and KAROHL, J., concur.