ST. CHARLES COUNTY AM-
BULANCE DISTRICT,
INC., Appellant,

v.

MISSOURI DEPARTMENT OF
HEALTH and SENIOR SERVICES,
et. al.; Mission Care of Missouri d/b/a
Abbott Ambulance, Respondent.

No. WD 67521.

Missouri Court of Appeals,
Western District.

Jan. 22, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 4, 2008.

Application for Transfer Denied
April 15, 2008.

Brian E. McGovern, Esq., Brian M. Kaemmerer, Esq., Chesterfield, MO, for St. Charles County Ambulance.

Glen D. Webb, Esq., Jefferson City, MO, for Missouri Dept. of Health & Senior Services.

Lynn S. Brackman, Esq., Winthrop Blackstone Reed, III, Esq., St. Louis, William E. Quirk, Esq., Kansas City, MO, for Mission Care of Missouri.

Before NEWTON, P.J., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

The St. Charles County Ambulance District ("District") appeals from the dismissal of its Petition for Review before the Administrative Hearing Commission ("AHC"). In the Petition, the District sought revocation of a new ambulance service license issued to Abbott Ambulance, Inc. ("Abbott") in November 2004 by the Missouri Department of Health & Senior Services ("Department"). After the Petition was filed, the Department realized it issued the new license in error and withdrew it. Abbott thereafter filed a motion to dismiss the District's Petition for Review as moot. The AHC granted the dismissal motion, finding that it lacked subject matter jurisdiction under Section 190.171, RSMo 2000,[1] because the proceeding no longer involved a licensing issue.

On appeal, the District contends the AHC erred in determining that it lacked jurisdiction. The District argues that while the Department withdrew the 2004 license, it also allowed Abbot to continue to operate under an existing license issued to Abbott's corporate predecessor in 2000. The District asserts the Department in effect granted Abbott a new license by allowing it to operate under the preexisting license, but the Department failed to follow the requirements of Section 190.109.3 for issuing a new license.[2] Thus, the District contends the AHC had subject matter jurisdiction under Section 190.171 because the Petition effectively challenged the issuance of a new license.

In reviewing this appeal from an administrative agency, we must consider whether the AHC decision was unsupported by competent and substantial evidence based upon a review of the whole record, was unauthorized by law, was arbitrary, capricious, or unreasonable, or involved an abuse of discretion. Section 536.140.2. As a general matter, questions of law are

1. All statutory citations are to the Missouri Revised Statutes (Cum.Supp.2007), unless otherwise indicated.

2. To obtain a new ambulance service license, Abbott was required to obtain an endorsement letter from the District and submit to a compliance inspection by the Department. Section 190.109.3. The District asserts the Department violated this requirement by issuing the 2004 license to Abbott without obtaining an endorsement letter.

reviewed *de novo*, findings of fact are reviewed to determine if they are supported by the evidence, and discretionary determinations are reviewed for an abuse of discretion. *Coastal Mart, Inc. v. Dep't of Natural Res.*, 933 S.W.2d 947, 951 (Mo. App.1996).

As a basic tenet of administrative law, " 'an administrative agency has only such jurisdiction as may be granted by the legislature.' " *Livingston Manor, Inc. v. Dep't of Soc. Servs.*, 809 S.W.2d 153, 156 (Mo.App.1991) (quoting *State ex rel. Mo. Health Care Ass'n v. Mo. Health Facilities Review Comm.*, 768 S.W.2d 559, 562 (Mo. App.1988)). If the agency lacks statutory authority to consider a matter, it is without subject matter jurisdiction. *Id.* "The agency's subject matter jurisdiction cannot be enlarged or conferred by consent of agreement of the parties." *Id.* Without subject matter jurisdiction, the agency can take no action other than to dismiss the proceeding. *Beach v. Dir. of Revenue*, 934 S.W.2d 315, 318 (Mo.App.1996).

The AHC has subject matter jurisdiction in ambulance licensing cases pursuant to Section 190.171, which provides:

> Any person aggrieved by an official action of the department of health and senior services affecting the licensed status of a person pursuant to the provisions of sections 190.001 to 190.245 and sections 190.525 to 190.537, *including the refusal to grant, the grant, the revocation, the suspension, or the failure to renew a license,* may seek a determination thereon by the administrative hearing commission pursuant to the provisions of section 631.045 RSMo. . . .

(emphasis added). In this case, the AHC initially had jurisdiction under Section 190.171 because the District's Petition for Review challenged the Department's issuance of a new ambulance service license to Abbott in November 2004. When the Department withdrew the new license in June

2005, the AHC lost jurisdiction because the proceeding no longer involved "an official action of the [D]epartment . . . affecting the licensed status" of Abbott. Accordingly, the AHC had no alternative but to dismiss the action, both for lack of subject matter jurisdiction and because the District was no longer aggrieved by the issuance of the 2004 license.

We find no merit in the District's contention that the Department effectively granted Abbott a new license when it withdrew the 2004 license and allowed Abbott to operate under an existing license issued in 2000 to its corporate predecessor. We note that this argument was not presented to the AHC and was thereby waived on appeal. *SGOH Acquisition Inc. v. Mo. Dep't. of Mental Health*, 914 S.W.2d 402, 406 (Mo.App.1996). But even if properly raised, we would reject the argument based on Section 190.105.14, RSMo Cum. Supp.2007, which indicates the transfer of ownership of an ambulance service does not necessarily affect its licensing status. The statute provides:

> Upon sale or transfer of any ground ambulance service ownership, the owner of such service shall notify the department of the change in ownership with thirty days of such sale or transfer. After receipt of such notice, the department shall conduct an inspection of the ambulance service to verify compliance with the licensure standards of section 190.001 to 190.245.

Section 190.105.14.

In light of this provision, Abbott was not required to obtain a new ambulance service license when its ownership changed in 2004. Abbott was originally issued a ground ambulance service license on December 16, 1998. The Department renewed the license on December 28, 2000, for a five-year period set to expire on December 31, 2005. In September 2004, Abbott transformed from a non-profit to a

for-profit entity whose stock was purchased Mission Care of Missouri, LLC. Throughout this period of time, Abbott retained the name of "Abbott Ambulance, Inc." Abbott notified the Department of the ownership change in 2004, as it was required to do by Section 190.105.14. The Department mistakenly issued Abbott a new ambulance service license, but promptly withdrew it upon realizing that Abbott could continue to operate under its 2000 license. Although the District had appealed the issuance of the new license to the AHC, that appeal was mooted by the withdrawal of the license.

The AHC correctly determined that the Department did not issue a new license by allowing Abbott to operate under its prior license. Because the AHC proceeding did not involve an "official action of the department ... affecting the licensed status" of Abbott, the action was properly dismissed for lack of subject matter jurisdiction pursuant to Section 190.171. The judgment is affirmed.

All concur.

Susan Lynn Hogan, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. Lisa M. Kennedy, Asst. Atty. Gen., Jefferson City, for Respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and JAMES E. WELSH, JJ.