**Idia LEE, Claimant/Appellant,**

v.

**STAFFING ONE, and Division
of Employment Security,
Respondents.**

**No. ED 89549.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 5, 2007.

---

Idia Lee, St. Louis, MO, pro se.

Dwayne Jefferson, Jefferson City, MO, for Respondent.

BOOKER T. SHAW, Chief Judge.

Idia Lee (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review regarding her unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) denied Claimant's application for unemployment benefits, concluding that she was disqualified from receiving unemployment benefits because she had left work voluntarily without good cause attributable to her work. Claimant filed an appeal with the Appeals Tribunal, which entered an order dismissing her appeal. Claimant then filed an application for review with the Commission, which dismissed the application as untimely under section 288.200, RSMo 2000. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has not filed a response to the motion.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. There are no exceptions in the statute to the thirty-day requirement. Without any exception in the statute, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo. App. E.D.2003).

Here, the Appeals Tribunal mailed its decision to Claimant on December 11, 2006. The application for review was due thirty days later, on January 10, 2007. Section 288.200.1. Claimant filed her application for review by sending it in the mail on January 27, 2007, which is the date it is deemed filed under section 288.240, RSMo 2000. The application for review was untimely under section 288.200.1. Without a timely application for review, the Commission had no jurisdiction over Claimant's case. Because this Court's jurisdiction is derived from that of the Commission, if it lacks jurisdiction, then so do we. *Brown*, 105 S.W.3d at 855; *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, and PATRICIA L. COHEN, JJ.