Babbie TOLERSON,
Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 90697.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 19, 2008.

Babbie Tolerson (pro se), O'Fallon, MO, for appellant.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Babbie Tolerson (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review concerning her claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because she failed to meet the reporting and/or registration requirements. Claimant appealed this decision to the Appeals Tribunal of the Division. On March 28, 2007, the Appeals Tribunal issued a decision affirming the deputy's decision. On October 19, 2007, Claimant filed an application for review with the Commission. The Commission dismissed her application for review as untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely, which divested the Commission and this Court of jurisdiction to review her case. Claimant has not filed a response to the motion.

The unemployment statutes provide a claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on March 28, 2007. The application for review was due thirty days later, on April 27, 2007. Section 288.200.1. Claimant filed her application for review on October 19, 2007, and it was untimely under section 288.200.1.

In her notice of appeal to this Court, Claimant acknowledged she failed to file her application for review in a timely manner because she became frustrated. However, the unemployment statutes fail to provide any exception to the thirty-day requirement. Without an exception to the filing requirements, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Because this Court's jurisdiction is derived from that of the Commission, we lack jurisdiction as well. *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Accordingly, we must dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.