

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| JOHN F. WARKENTHIEN, | ) | |
| | ) | |
| Appellant, | ) | WD82427 |
| | ) | |
| v. | ) | OPINION FILED: August 27, 2019 |
| | ) | |
| FAMILY SUPPORT DIVISION, | ) | |
| DEPARTMENT OF SOCIAL | ) | |
| SERVICES, STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Jon E. Beetem, Judge

Before Division One: Cynthia L. Martin, Presiding Judge, Victor C. Howard, Judge and
Alok Ahuja, Judge

John F. Warkenthien ("Father") appeals from a determination entered by the

Director ("Director") of the Family Support Division ("FSD") of the Missouri Department

of Social Services that affirmed the FSD's certification to the United States Department of

State ("Department of State") that Father owed an arrearage of child support in an amount

exceeding $2,500. Finding no error, we affirm.

## Factual and Procedural Background

Father and Kimberly A. Warkenthien ("Mother") were married in 1982. Three children were born of the marriage. In 2007, the marriage between Father and Mother was dissolved. At that time, a judgment was entered ordering Father to pay child support in the amount of $1,000.00 per month, health insurance, and spousal maintenance to Mother. The original dissolution judgment also ordered Father to pay 75% of each child's college expenses as defined by Missouri statute. In 2014, a modification judgment ("Modification Judgment") was entered finding that Father owed $59,807 in unpaid spousal maintenance; $2,000 in unpaid monthly child support; and $9,750 for Father's share of post-secondary educational expenses for the children, all of whom were by then emancipated.

On January 16, 2015, the FSD certified to the Department of State that Father owed an arrearage of child support in excess of $2,500. On October 11, 2017, Father was informed that his application to renew his passport had been denied because he owed an arrearage of child support exceeding $2,500. On November 7, 2017, Father requested a hearing to challenge the FSD's certification to the Department of State.[1] On December 14, 2017, a hearing was held pursuant to sections 454.511[2] and 454.475. On January 18, 2018, the Director of the FSD affirmed the agency's determination.

---

[1]Section 454.511 provides that the obligor of child support "may contest the proposed certification by requesting in writing a hearing" within "thirty days of receipt of the notice" that the obligor is to be certified to the Department of State. Here, the Director found that Father requested a hearing in a timely manner, within thirty days of receiving notice, even though FSD personnel testified that Father's name was certified in January 2015. Father testified he never received notice in 2015, and FSD testified that a third party issued notice shortly after the certification. We defer to the Director's finding that Father was not given notice of the certification until he was denied renewal of his passport. *See Tetzner v. State, Dept. of Social Services, Family Support Div.*, 446 S.W.3d 689, 691 (Mo. App. W.D. 2014).

[2]All statutory references are to RSMo 2000 as supplemented through the date of certification to the Department of State in 2015, unless otherwise indicated.

2

On February 15, 2018, Father timely requested judicial review as provided under section 536.100. On December 26, 2018, the Cole County Circuit Court affirmed the Director's determination.

Father timely appeals.

## Standard of Review

"In an appeal following judicial review of an agency's administrative action, this court reviews the decision of the agency, not the circuit court." *Tetzner v. State, Dept. of Social Services, Family Support Div.*, 446 S.W.3d 689, 691 (Mo. App. W.D. 2014). "Our scope of review is limited to whether the agency's decision:

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion."

*Id.* (citing section 536.140.2). While we defer to the agency's findings of fact, we review the agency's interpretation, application, or conclusions of law *de novo*. Section 536.140.3; *Tetzner*, 446 S.W.3d at 691.

**Analysis**

Father raises a single point on appeal. Father asserts that the Director "incorrectly and improperly concluded" that an arrearage owed by Father under the Modification Judgment for "college expenses and maintenance" was child support for purposes of certification of unpaid child support to the Department of State.[3] Because the Director's determination that Father owed in excess of $2,500 in child support was lawful considering only Father's unpaid college expenses, we address that issue first, and need not address Father's additional argument that unpaid maintenance cannot be considered in calculating a child support arrearage.[4]

Title IV, Part D of the Social Security Act establishes enforcement and collection procedures for support obligations owed by noncustodial parents to their children and

---

[3]Father's Brief fails to comply with Rule 84.04(e). Rule 84.04(e) provides that the argument portion of an appellant's brief must "include a concise statement describing whether the error alleged on appeal was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Father's brief is devoid of any statement addressing preservation. Despite Father's failure to comply with Rule 84.04(e), the record is clear that Father argued before the Director during the administrative hearing held on December 14, 2017, in his Amended Petition filed June 12, 2018, and in his Additional Support on Behalf of Petitioner filed September 12, 2018 before the reviewing trial court, that the FSD erroneously concluded that college expenses and spousal maintenance were child support for purposes of certification. This provided the trial court and the FSD "a prior opportunity . . . to consider the point at issue," thus preserving the issue for our review. *See Morfin v. Werdehausen*, 448 S.W.3d 343, 349 (Mo. App. W.D. 2014).

[4]While the Director's determination did discuss the possibility of spousal maintenance being considered "child support" for purposes of certification under Title IV, Part D of the Social Security Act, the Director's determination that FSD lawfully certified Father to the Department of State was based only on Father's unpaid child support and college expenses. The Director expressly stated in its determination that it could not "determine whether *any* portion of Father's past-due maintenance obligation was incurred before the emancipation of the children" and thus was unable to determine if any portion of the maintenance might be "child support" for purposes of certification. (Emphasis added). We reserve comment on the Director's determination that spousal maintenance "may constitute a child support arrearage for purposes of certification under [Title IV, Part D of the Social Security Act]." Here, the Director's determination that certification was proper was not based on Father's spousal maintenance arrearage.

Because Father's child support obligation exceeds the $2,500 statutory threshold for certification under section 454.511 considering only Father's monthly support obligation and unpaid college expenses, we need not address Father's additional argument that the Director erred in alternatively concluding that maintenance owed to a former spouse could constitute unpaid child support for purposes of certification under Title IV, Part D of the Social Security Act.

4

former spouses. *See* 42 U.S.C. section 651. Included among the enforcement procedures is a certification process which permits the Secretary of State to deny or restrict an obligor's passport. 42 U.S.C section 652(k) provides that:

> (1) If the Secretary [of the United States Department of Health and Human Services] receives a certification by a State agency . . . that an individual owes arrearages of child support in an amount exceeding $2,500, the Secretary shall transmit such certification to the [United States] Secretary of State for action (with respect to denial, revocation, or limitation of passports)[.]

42 U.S.C. section 652(k) further provides that "[t]he [United States] Secretary of State shall, upon certification by the Secretary [of the United States Department of Health and Human Services] . . . refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual." 42 U.S.C. section 652(k)(2). 42 U.S.C. section 654(31) directs the Secretary of Health and Human Services to ensure that each "State agency" overseeing the certification process has "in effect a procedure for certifying . . . determinations that individuals owe arrearages of child support in an amount exceeding $2,500."

Here, Father's passport application was denied by the Department of State pursuant to 42 U.S.C. section 652(k)(2) on the basis that Father owed an arrearage of child support in an amount exceeding $2,500. The FSD had certified Father's name to the Department of Health and Human Services, and that certification was transmitted to the Secretary of State. The FSD's certification was made pursuant to section 454.511 which provides that "the [Family Support Division] may certify a person who owes a child support arrearage in excess of [$2,500] to the appropriate federal government agency for the purpose of

5

denying a passport to such person, or revoking, suspending or limiting a passport previously issued to such person."

Father requested a hearing to review the FSD's certification. The Director determined that the FSD was authorized to certify Father because under the Modification Judgment Father was found to "owe[] $2,000 in past-due monthly support" and further ordered "to reimburse Mother $9,750 for the children's education expenses in June 2014."

Father does not challenge that, as of the time of the Modification Judgment, he owed $2,000 in unpaid monthly child support and $9,750 for his share of post-secondary educational expenses. Father argues, however, that it was erroneous for the Director to conclude that post-secondary educational expenses constitute child support for purposes of the certification authorized by section 454.511, and contemplated by 42 U.S.C. section 652(k)(2). We disagree.

Title IV, Part D of the Social Security Act defines "child support" as follows:

The term "child support", when used in reference to the legal obligations of an individual to provide such support, means amounts required to be paid under a judgment, decree, or order, whether temporary, final, or subject to modification, issued by a court or an administrative agency of competent jurisdiction, for the support and maintenance of a child, including a child who has attained the age of majority under the law of the issuing State, or a child and the parent with whom the child is living, which provides for monetary support, health care, arrearages or reimbursement, and which may include other related costs and fees, interest and penalties, income withholding, attorney's fees, and other relief.

6

42 U.S.C. section 659(i)(2).[5]  In chapter 454, which addresses child support enforcement by the State, a nearly identical definition is employed.  Section 454.460 defines a "support order" as:

> (14) a judgment, decree or order, whether temporary, final or subject to modification, issued by a court or administrative agency of competent jurisdiction for the support and maintenance of a child, including a child who has attained the age of majority pursuant to the law of the issuing state, or of the parent with whom the child is living and providing monetary support, health care, child care, arrearages or reimbursement for such child, and which may include related costs and fees, interest and penalties, income withholding, attorneys' fees and other relief.

Section 454.460(14).

Pursuant to section 452.340.1(4), a trial court is authorized to enter a support order to any parent "owing a duty of support to a child . . . to pay an amount reasonable or necessary for the support of the child," after considering all relevant factors including "the child's educational needs."  Section 452.340.5 expressly states that -- under qualified conditions unchallenged in this appeal -- if a child subject to a support order is enrolled in a post-secondary education program then "the parental support obligation shall continue

---

[5]We recognize that the definition provided in 42 U.S.C. section 659(i)(2) is "for purposes of [section 659]."  Although the term "child support" is used frequently throughout Title IV, Part D, no other definition of "child support" is included under the part, or in any other relevant federal regulations authorized for the purposes of child support enforcement besides the definition provided in 42 U.S.C. section 659(i)(2).  However, the United States Supreme Court has recognized that the use of the term "child support" under Title IV of the Social Security Act is intended to have "the same meaning" as used in provisions with a substantial relation.  *See Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (discussing that the "substantial relation [to provide uniform levels of support for children of equal need] between [the Title IV Child Support Enforcement program and the Aid to Families With Dependent Children program] presents a classic case for application of the 'normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning'") (internal quotes omitted).

42 U.S.C. section 659 establishes income withholding guidelines for employers that are federal agencies -- plainly a substantially similar procedure intended to enforce a child support obligation as the procedure to limit or revoke passport privileges under 42 U.S.C. section 652(k).  We conclude that the definition in 42 U.S.C. section 659(i)(2) applies to 42 U.S.C. section 652(k).

until the child completes his or her education, or until the child reaches the age of twenty-one[.]"

Under Missouri law the principle is thus settled that "the payment of the reasonable expenses of a child, for whom an obligation of support is owed, for attending [college] has been found to be a form of child support." *See Appling v. Appling*, 156 S.W.3d 454, 460 (Mo. App. E.D. 2005); *see also In re Marriage of Eskew*, 31 S.W.3d 543, 546 (Mo. App. S.D. 2000); *Shands v. Shands*, 237 S.W.3d 597, 601 (Mo. App. S.D. 2007); *Meyer v. Meyer*, 77 S.W.3d 40, 42 (Mo. App. E.D. 2002). Father acknowledges these cases, but asserts they are inapplicable because all were decided in the context of calculating the child support obligation pursuant to Civil Procedure Form 14[6] ("Form 14"), and none addressing whether a separate order to pay college expenses constitutes "child support." Father's effort to differentiate settled Missouri law relies on a distinction without meaning.

Form 14 assists courts in calculating child support obligations. *See also* Rule 88.01 (establishing a rebuttable presumption that the amount of child support calculated under Form 14 is the correct amount of child support to be awarded). Form 14 provides a ***Child Support*** Amount Calculation Worksheet, which permits courts to consider post-secondary expenses within the calculation for a child support obligation. *See Directions*, *Comments for Use and Examples for Completion of Form 14, Line 6e, Comment A*; *see also Leahy v. Leahy*, 858 S.W.2d 221, 224-26 (Mo. banc 1993) (discussing the inclusion of post-secondary education expenses within the child support obligation calculation) (emphasis

---

[6]All rule references are to *Missouri Court Rules, Volume I—State, 2014,* as applicable at the time of the Modification order, unless otherwise indicated.

8

added). Even though Form 14 calculates post-secondary education expenses on a different line for extraordinary child-rearing costs, the form plainly contemplates these expenses as child support.

As the trial court did here, a court may issue an order requiring the payment of post-secondary education expenses that is independent of the monthly child support award calculated through Form 14, so long as the order is not redundant. *See Ricklefs v. Ricklefs*, 39 S.W.3d 865, 877 (Mo. App. W.D. 2001) (recognizing the trial court's discretion to include post-secondary education expenses in its calculation under Form 14 or to issue a separate order for the expenses); *Hart v. Hart*, 210 S.W.3d 480, 489-93 (Mo. App. W.D. 2007). However, a separate order to pay post-secondary education expenses remains "a form of child support." *Ricklefs*, 39 S.W.3d at 877*; see also McCallum v. McCallum*, 128 S.W.3d 62, 69 (Mo. App. E.D. 2003) (affirming a trial court's separate order to pay college costs because "college or post-secondary education costs are items of child support"); *Burton v. Donahue*, 959 S.W.2d 946, 949 (Mo. App. E.D. 1998) (separate order for payment of future college expenses "is a form of child support").

Here, the original dissolution judgment ordered Father to pay a monthly child support obligation, and separately ordered Father to pay his share of college expenses. The Modification Judgment found that Father was in arrears with respect to both obligations, as he owed $2,000 in monthly child support and $9,750 in college expenses. Plainly, the original dissolution judgment, and the Modification Judgment, each constituted an "order . . . issued by a court . . . of competent jurisdiction, for the support and maintenance of a

child," for purposes of certifying Father's name to Secretary of State. *See* 42 U.S.C. section 659(i)(2); section 454.460(14).

Because a court ordered obligation to pay post-secondary educational expenses is a child support obligation, and because if educational expenses are considered, Father owes in excess of the $2,500 statutory threshold required for certification under section 454.511,[7] the Director did not err in determining that the FSD was authorized to certify Father's name to the Department of State.

Point denied.

### Conclusion

The trial court's judgment affirming the Director's determination is affirmed.

_____
Cynthia L. Martin, Judge

All concur

---

[7]Father asserts in the argument portion of his Brief that the FSD misapplied payments made by him. Father argues that some payments were intended to be applied only to his child support obligation, but were instead applied by the FSD to his spousal maintenance balance. The Director rejected Father's argument as "not dispositive" because of the amount of past-due child support owed and further found that the FSD followed applicable federal regulations when applying Father's payments. We defer to the agency's findings of fact. *Tetzner*, 446 S.W.3d at 691. In addition, Father's argument exceeds the scope of his point relied on, and is therefore not preserved for appellate review. *See Riggs v. State Dept. of Social Services*, 473 S.W.3d 177, 186 n. 18 (Mo. App. W.D. 2015).