

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| TREASURER OF THE STATE OF MISSOURI - CUSTODIAN OF THE SECOND INJURY FUND, | ) ) ) ) |
| | WD82997 |
| Appellant, | ) ) ) |
| | OPINION FILED:  April 14, 2020 |
| v. | ) ) |
| JIMMY MICKELBERRY, | ) ) |
| Respondent. | ) |

**Appeal from the Labor and Industrial Relations Commission**

Before Division Two:  Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge and Gary D. Witt, Judge

The Treasurer of the State of Missouri as Custodian of the Second Injury Fund ("Fund") appeals the final award of the Labor and Industrial Relations Commission ("Commission") finding that Jimmy Mickelberry ("Mickelberry") was permanently and totally disabled in part due to preexisting conditions, triggering Fund liability.  The Fund raises three allegations of error on appeal.  It contends that the Commission applied the wrong statutory analysis in its determination of Fund liability.  Further, it claims that even had the Commission applied the correct statutory criteria, there was insufficient evidence

to support Fund liability. Instead, the Fund contends that the competent and substantial evidence supported a finding that Mickelberry's total disability was solely due to his primary workplace injury. Mickelberry filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, based on an allegation of an improper application for review filed by the Fund with the Commission. Because the Commission exceeded its statutory authority when it determined the Fund's appeal from the Administrative Law Judge's ("ALJ") award, we reverse and set aside the award of the Commission, and enter the award of the ALJ as the final award and judgment in this case.

## Procedural and Factual Background

On February 6, 2015, Mickelberry injured his neck in the course and scope of his employment at ICF & LG Holding ("ICF"). Mickelberry was picking up a 50-pound radiator he assembled and experienced shooting pain in his head and neck, down his arms, and down his right leg ("Primary Injury"). Mickelberry received medical treatment for his injury. His initial treatment included a Toradol injection, narcotic pain medication, and muscle relaxers. An MRI scan revealed degenerative disk disease, and Mickelberry received two epidural steroid injections. Ultimately, Mickelberry underwent a neck fusion surgery. Despite the surgery, Mickelberry testified that he has constant neck pain even using narcotic pain medication. He is limited in his daily activities including being unable to stand unassisted for more than two to five minutes. He cannot sit for more than 15-20 minutes at a time. He has difficulty driving both because of his inability to turn his neck and because it causes him cramping. He falls three to four times a week. He must sit while

2

showering. The narcotic pain medication causes drowsiness, and he requires two to three naps during the day.

He was also diagnosed with bilateral carpal tunnel syndrome. Medical testimony supports a finding that, although Mickelberry's carpal tunnel syndrome predated his primary injury, it only became symptomatic as a result of a secondary crush to the nerves associated with his neck injury; a phenomenon known as "double crush." As a result, Mickelberry suffers from numbness in his hands making it difficult for him to maintain his grip on objects. He also now suffers pain in his hands and wrists as a result of surgery to address his carpal tunnel. He has difficulty holding a pencil and writing.

Mickelberry never returned to work following his Primary Injury. Once his Family Medical Leave Act period expired, he was terminated by his employer.[1]

Mickelberry was born in 1960 and completed high school and some limited college before he left school to enter the workforce. He has performed various manual labor occupations throughout his career. He began working for ICF in March of 2010. Prior to the Primary Injury, Mickelberry had a history of chronic back pain and had changed job positions multiple times while working for ICF in order to accommodate his limitations.

On April 27, 2017, Mickelberry filed an Amended Claim for Compensation seeking benefits from the Fund for permanent and total disability. Mickelberry alleged that his preexisting disabilities combined with his Primary Injury to render him permanently and totally disabled. A hearing was held before an ALJ on April 17, 2018. The parties

---

[1] 29 U.S.C.A. section 2601 et seq. (West, Westlaw through P.L. 114-25).

stipulated that Mickelberry reached maximum medical improvement on June 14, 2016. Mickelberry settled with ICF for 20% permanent partial disability of each hand and 20% of the body as a whole referable to the neck. The sole issue before the ALJ was whether the Fund was liable to Mickelberry for any disability compensation.

The ALJ entered a final award on July 6, 2018, finding that Mickelberry was permanently and totally disabled as a result of his preexisting disabilities and his Primary Injury ("ALJ Award"). Following an appeal by the Fund, on June 13, 2019, the Commission adopted the award and decision of the ALJ but also issued a supplemental opinion ("Final Award"). The supplemental opinion of the Commission clarified that the ALJ found that Mickelberry was permanently and totally disabled as the result of his combined preexisting disabilities and his Primary Injury, supporting this finding with additional discussion of the medical testimony. Additionally, the supplemental opinion corrected two typographical errors as to dates in the ALJ Award. In all other respects, the ALJ Award was adopted by the Commission.

The Fund now appeals.

## Standard of Review

Under section 287.495,[2] we will affirm the award of the Commission unless the Commission acted in excess of its powers, the award was procured by fraud, the facts do not support the award, or insufficient competent evidence exists to warrant the making of

---

[2] All statutory citations are to RSMo 2016 as currently updated, unless otherwise noted.

the award. Section 287.495.1; *Barker v. Sec'y of State's Office of Mo.*, 752 S.W.2d 437, 441 (Mo. App. W.D. 1988).

## Discussion

The Fund brings three allegations of error on appeal. However, before we address those points, we must address Mickelberry's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"). Mickelberry argues that the Commission lacked subject matter jurisdiction to consider the Fund's appeal from the ALJ Award, and that as a result, this Court lacks subject matter jurisdiction to entertain the Fund's appeal. Mickelberry bases his argument on the fact that the application for review filed with the Commission by the Fund incorrectly identified the date the ALJ Award was entered and, more troubling, the Fund's allegations of error in the application for review referenced the facts of an entirely unrelated case. Specifically, the application for review stated that the ALJ Award was erroneous because:

> The Administrative Law Judge erred in finding that the claimant's bilateral primary shoulder injury and pre-existing injuries combined to make him more disabled, which is against the overwhelming weight of the evidence. The claimant returned to full-duty employment without restrictions after his pre-existing work injuries performing the same work as a firefighter that he had performed for the past two decades. Therefore the award should be reversed.

Mickelberry did not have a shoulder injury and was not a firefighter. Any alleged error in this case could not be based on an argument that Mickelberry returned to work without restrictions because it is undisputed that Mickelberry did not ever return to work following the Primary Injury. Mickelberry argues that because the application for review failed to

5

raise any specific allegations of error related to this case, the application was defective on its face. Because the application was defective, a proper timely appeal of the ALJ Award was not filed, and, according to Mickelberry, the Commission was without subject matter jurisdiction to review the ALJ Award. In turn, Mickelberry concludes that because the Commission lacked jurisdiction this Court also lacks subject matter jurisdiction and must dismiss the appeal.

We must first address our own subject matter jurisdiction. We accept that there is case law to suggest that where the Commission did not have proper jurisdiction this Court lacks jurisdiction because our jurisdiction is derived from that of the Commission. *See Gilmore-Vann v. AT&T Corp.*, 141 S.W.3d 493, 494 (Mo. App. E.D. 2004) (because claimant failed to file a timely application for review of ALJ's award, the commission never acquired jurisdiction, and, because appellate jurisdiction derives from that of the Commission, the appellate court also lacked jurisdiction, and appeal was dismissed); *Tolerson v. Div. of Emp. Sec.*, 245 S.W.3d 920 (Mo. App. E.D. 2008) (failure to timely file application for review divests the commission of jurisdiction in an unemployment compensation case, and because the court of appeals' jurisdiction is derived from that of the commission, the appellate court lacks jurisdiction as well); *Lee v. Staffing One*, 226 S.W.3d 197 (Mo. App. E.D. 2007)(same). We question, however, the jurisdictional analysis of these cases, as each was decided prior to *J.C.W. ex rel. Webb v. Wyciskalia*, 275 S.W.3d 249 (Mo. banc 2009) ("*Webb*"). In *Webb*, the Missouri Supreme Court clarified that Missouri courts' authority to hear disputes including appeals is controlled by the

6

Missouri Constitution, and that, as a result, a court's consideration of a matter as to which it has constitutional authority is not subject to a claim that the court lacks subject matter jurisdiction. *Id.* at 253-54. Our jurisdiction to review a final award of the Commission is derived from Article V, section 18 of the Missouri Constitution which provides, in relevant part, "[a]ll final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law[.]"[3] Section 287.495.1(1) specifically grants to this Court the authority to review whether the "commission acted without or in excess of its powers[.]" Thus, this Court does have subject matter jurisdiction to review whether the Commission acted in excess of its powers to review an award over which it lacked authority. Mickelberry's Motion to Dismiss is denied insofar as it challenges this Court's subject matter jurisdiction to entertain the Fund's appeal.

Having jurisdiction over the appeal, we must now turn to Mickelberry's first argument—that the Commission lacked subject matter jurisdiction to entertain the Fund's appeal from the ALJ Award. Once again, we acknowledge case law which suggests that where an administrative agency acts in excess of its statutory authority, it has acted without subject matter jurisdiction. *See, e.g., St. Charles Cty. Ambulance Dist., Inc. v. Mo. Dep't of Health & Senior Servs.*, 248 S.W.3d 52, 54 (Mo. App. W.D. 2008) (holding that "[i]f

---

[3] This authority is over both administrative bodies and trial courts. *See, generally*, *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008) (discussing appellate courts inherent supervisory authority to review the jurisdiction of a trial court).

7

[an] agency lacks statutory authority to consider a matter, it is without subject matter jurisdiction"). This principle has been repeated in cases decided after *Webb*. *See, e.g., Tetzner v. State, Dep't of Soc. Servs., Family Support Div.*, 446 S.W.3d 689, 692 (Mo. App. W.D. 2014); *Roth v. J.J. Brouk & Co.¸* 356 S.W.3d 786, 787-88 (Mo. App. E.D. 2011).

However, in *Cass County v. Director of Revenue*, 550 S.W.3d 70, 73-74 (Mo. banc 2018), the Missouri Supreme Court clarified that in the context of an administrative agency action, although a party may argue that the action exceeded the agency's statutory authority and was therefore not authorized by law, it is not proper to argue that as a result, the agency lacked "subject matter jurisdiction," as the latter concept is only relevant to Constitutional courts. Specifically, the Supreme Court held:

> The director argues this is not a matter the commission is authorized to review and attempts to frame the argument in terms of the commission lacking "subject matter jurisdiction" to hear Cass County's appeal. However, the commission is "an adjunct executive agency," not a court vested with judicial power. *State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 75-76 (Mo. banc 1982); *see also* Mo. Const. article V, § 1. "[A]n administrative body or even a quasi-judicial body is not and cannot be a court in a Constitutional sense." Id. at 75 (internal quotations omitted). The commission is not constitutionally vested with subject matter jurisdiction, as the courts of this state are; rather, it is merely conferred statutory authority to take certain actions. This authority statutorily granted to the commission should not be equated to the subject matter jurisdiction constitutionally granted to courts. *Cf. J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009); *see also McCracken v. Wal-Mart Stores E.*, 298 S.W.3d 473, 478 (Mo. banc 2009) (noting "sloppy references" to "subject matter jurisdiction" lying with an administrative body rather than a court). The director's attack on the commission's decision is not jurisdictional in nature but is instead an argument that its decision was not "authorized by law." *See* § 621.193.

8

*Id.* at 74. Like the Department of Revenue, the Commission is also an administrative body that cannot be constitutionally vested with subject matter jurisdiction. Although Mickelberry framed his Motion to Dismiss as a question of the Commission's subject matter jurisdiction, like in *Cass County*, we interpret his Motion to Dismiss as an argument that the Commission had no statutory authority to entertain the Fund's appeal from the ALJ Award. Properly framed, we agree with Mickelberry's contention.

An application for review from an ALJ's award is authorized by section 287.480.1, which requires the application to be made to the Commission within twenty days of the ALJ's award. Section 287.550 states that:

> All proceedings before the commission or any commissioner shall be simple, informal, and summary, and without regard to the technical rules of evidence, and in accordance with section 287.800. All such proceedings shall be according to such rules and regulations as may be adopted by the commission.

Pursuant to the authority extended by section 287.550, the Commission has adopted additional requirements for the proper filing of applications for review in 8 CSR 20-3.030(3)(A).[4] At the time of Mickelberry's appeal to the Commission, 8 CSR 20-3.030(3)(A) stated:

> An applicant for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence.

---

[4] All regulatory references are to the Missouri Code of State Regulations as updated through 2018.

In this case, the Fund's application for review plainly failed to identify any of the ALJ's findings and conclusions that were being challenged and thus failed to "state specifically" why the challenged findings and conclusions were not properly supported by the evidence. In effect, by submitting an application for review that substantively had nothing to do with the facts and the circumstances of Mickelberry's case, the Fund submitted an application for review that at best challenged the ALJ Award without any of the specificity required by law.

Mickelberry raised the deficiency of the application before the Commission in his respondent's brief to the Fund's application. In response, the Fund filed a Motion to Amend Application for Review, seeking to correct the erroneous allegations of error set forth in the original application for review. The Commission took up both issues, issuing a joint order. In that order the Commission denied the Fund's motion to amend its application, finding that the amendment was untimely because it fell outside the twenty days within which an application for review may be filed. The Commission found that in effect, the Fund sought to substitute an entirely new claim of error beyond the statutory twenty-day period allowed for applications for review. The Commission correctly found that the Commission had no statutory authority to accept such an amendment beyond the statutory period.

However, although the Commission correctly denied the Fund's request to file an amended application for review, it also denied Mickelberry's request to dismiss the Fund's appeal of the ALJ Award. The Commission found that although the application for review

10

was defective, the Commission had discretion to expand the issues considered on review so long as it gave notice to the parties, citing *Mell v. Biebel Bros., Inc.*, 247 S.W.3d 26 (Mo. App. E.D. 2008). In its order denying Mickelberry's Motion to Dismiss the Commission stated that:

> [T]he courts have instructed that the Commission is not precluded, on a jurisdictional basis, from considering [issues not raised in an application for review], provided that all parties are given notice and an opportunity to brief such issues before the Commission makes its award. *See Mell v. Biebel Bros., Inc.*, 247 S.W.3d 26 (Mo. App. 2008).

But, as Mickelberry points out, this does not accurately reflect the holding of *Mell*. *Mell* did *not* hold that, as a matter of law, so long as parties are given notice and an opportunity to brief issues not raised in an application for review, the Commission is free to consider those issues in making an award. Instead, Mickelberry accurately notes that *Mell*, relying on *Stonecipher v. Poplar Bluff R1 School District*, 205 S.W.3d 326, 332 (Mo. App. S.D. 2006), expressly declined to decide whether the Commission has the authority to consider issues not raised in an application for review, and instead ruled more narrowly that, at a minimum, due process requires notice and an opportunity to be heard on issues raised after the twenty-day period for an application for review has expired:

> Like the *Stonecipher* Court, we decline to decide the issue of whether the Commission is without jurisdiction to rule on issues not raised in the application for review because we find that the *Stonecipher* Court's holding regarding the due process requirement in section 287.470 is dispositive here. In the instant case, it is undisputed that Claimant did not raise the issue of future medical benefits in his application for review filed with the Commission, and no application for review was filed by Employer.

11

*Id.* at 31-32. *Mell* did not, therefore, authorize the Commission to entertain issues on appeal that were not raised by the Fund merely because Mickelberry was given notice of those issues and a chance to respond. More to the point, *Mell* did not involve an application for review that was facially defective at the time of its filing. Even if we interpret *Mell* to suggest that, so long as due process is provided, a *properly* filed application for review may be expanded by the Commission to address other *related* issues, such is not the case here.[5] In this case, no valid application for review was filed and there is no authority for the proposition that a facially defective application for review can be remediated merely by giving notice of the additional issues the Commission seeks to review that were required to be raised by a party in a properly filed application for review compliant with 8 CSR 20-3.030(3)(A).

The question before this Court is solely whether the issues portion of the application for review may, in effect, be wholly substituted after the time for filing the application has passed, giving a party a second bite of the apple in their appeals process. The Commission promulgated specific regulations as to what must be filed to effectuate a review of an ALJ's award, and it cannot now ignore those regulations and review issues not raised even tangentially by the parties. *See State ex rel. Stewart v. Civil Serv. Comm'n of City of St. Louis*, 120 S.W.3d 279, 287 (Mo. App. E.D. 2003) (once regulatory rules are promulgated pursuant to properly granted statutory authority they have "the force and effect of law and

---

[5] We, like the courts in *Stonecipher* and *Mell*, expressly decline to address such a question because it is not necessary for the disposition of the case before this Court.

12

are binding on the agency adopting them.")[6] The Fund's application for review was deficient on its face, and its appeal to the Commission should have been dismissed for failure to comply with 8 CSR 20-3.030(3)(A). *See, generally, Crawford v. Ronald McDonald House Charities*, 587 S.W.3d 696 (Mo. App. S.D. 2019) (dismissing claimant's application for review for failure to satisfy the minimum requirements of 8 CSR 20.3.030(3)(A)).

The Fund, however, contends that, even if the Commission erred in accepting the application for review, the issue has been waived on appeal because Mickelberry did not cross-appeal from the Final Award. We disagree. Mickelberry was the prevailing party on the Fund's appeal from the ALJ Award and thus was not obligated to file an appeal. *Antioch Cmty. Church v. Bd. of Zoning Adjustments of City of Kansas City*, 543 S.W.3d 28, n. 11 (Mo. banc 2018) (quoting *Kennedy v. Dixon*, 439 S.W.2d 173, 180 (Mo. banc 1969)("A respondent on appeal may attack erron[e]ous rulings . . . in order to sustain a judgment in his favor' without filing a cross-appeal.")). In *Cass County*, discussed above, the Supreme Court reiterated this principal in a similar context:

> "The general rule of appellate procedure is that, in the absence of a cross-appeal, the reviewing court is concerned only with the complaint of the party appealing and that the opposing party who filed no appeal will not be heard to complain of any portion of the trial court's judgment ***adverse*** to him." *Goldberg v. State Tax Comm'n*, 618 S.W.2d 635, 642 (Mo. 1981); *see also*

---

[6] We recognize that there is some case law supporting the proposition that if an agency fails to comply with its own rules, the court may invalidate its acts but only in situations in which a party has suffered prejudice. *Mo. Nat'l Educ. Ass'n v. Mo. State Bd. of Mediation*, 695 S.W.2d 894, 897 (Mo. banc 1985). However, in this case, we do not even get to the question of prejudice because we must first consider whether the Commission had the authority to act to effectively wholly redraft the issues before it to cure a defective application for review and obtain authority over the appeal. Because we determine that the Commission had no authority to redraft the application for review, it lacked authority to review the underlying award. Thus, we do not get to a consideration of whether Mickelberry was prejudiced by the Commission's action.

13

> *Kelly v. Hanson*, 959 S.W.2d 107, 112 (Mo. banc 1997); *State ex rel. Ginger v. Palmer*, 198 S.W.2d 10, 11 (Mo. banc 1946); *State ex rel. Caruthers v. Little River Drainage Dist.*, 271 Mo. 429, 196 S.W. 1115, 1118 (Mo. banc 1917). This general rule applies equally to cases before this Court on a petition for review. *Goldberg*, 618 S.W.2d at 643. If the director wished to challenge the commission's decision to the extent it was unfavorable, it was incumbent upon the director to file a petition or cross-petition for review. *See id.*

*Cass County*, 550 S.W.3d at 74 (emphases added). In *Cass County*, the Supreme Court declined to address the Director of Revenue's argument that the Administrative Hearing Commission was not authorized to review the director's actions because, "to the extent it was unfavorable" it was incumbent on the director to bring a cross-appeal. *Id.* at 73. "A party is 'aggrieved' when the judgment operates prejudicially and directly on his personal or property rights or interest." *Quick v. Anderson*, 503 S.W.3d 242, 249 n.2 (quoting *In re Knichel*, 347 S.W.3d 127, 130 (Mo. App. E.D. 2011) (internal quotations and citations omitted)). Unlike *Cass County* and the cases it relies upon, in this case there was no adverse or unfavorable decision in the Final Award to require a cross-appeal by Mickelberry. A claimant who suffers no harm, adverse ruling, or unfavorable decision cannot reasonably be expected to bring a cross-appeal to challenge a judgment entirely in its favor.[7] This Court may still determine whether the Commission exceeded its statutory authority in accepting the Fund's defective application for review without a cross-appeal by Mickelberry.

---

[7] In fact, although we decline to address the issue, we question whether we could even entertain such an appeal. Pursuant to section 512.020, in civil cases, the law is clear that "[o]ne who is awarded the relief prayed is not an aggrieved party and may not appeal from the judgment in his favor." *Shoate v. State*, 529 S.W.3d 869, 876 (Mo. App. W.D. 2017) (quoting *Lowe v. Labor & Indus. Relations Comm'n*, 594 S.W.2d 365, 368 (Mo. App. W.D. 1980)).

14

We find that the Commission exceeded its authority in accepting an application for review that was defective on its face. As such, the Commission should never have entered its Final Award. The ALJ Award, never being properly challenged by the Fund, became the final award and judgment of the Commission as to Mickelberry's Amended Claim for Compensation.[8]

## Conclusion

The Fund did not properly appeal the ALJ Award because, on its face, the application for review was defective. The Commission exceeded its statutory authority when it entertained the Fund's defective application for review. We reverse and set aside the Commission's Final Award and deem the ALJ Award as the final award and judgment on Mickelberry's Amended Claim for Compensation.

_____
Gary D. Witt, Judge

All concur

---

[8] This Court on appeal "may modify reverse, remand for rehearing, or set aside the award" upon a finding that the Commission "acted without or in excess of its powers[.]" Section 287.495.1.

15